FILED

2004 MAR -5 AM 11: 33

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT MYERS DIVISION

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MEYERS DIVISION

MICHAEL H. HAWKINS,
Individually, et al.,

    Plaintiffs,

v.     CASE NO.: 04 CV 95-FTM-29 SPC

CHARLES FUST, Individually,
STACEY MALONEY FUST,
Individually, ROBERT DUPONT,
Individually, RUSSELL R. LEE, III,
Individually, and SINO FRESH
HEALTHCARE, INC., a Delaware
Corporation.

_____/

## MOTION TO TRANSFER CASE TO TAMPA DIVISION AND INCORPORATED MEMORANDUM OF LAW

COME NOW Defendants, CHARLES FUST ("FUST"), STACEY MALONEY FUST ("MALONEY-FUST"), ROBERT DUPONT ("DUPONT"), RUSSELL R. LEE, III ("LEE"), and SINO FRESH HEALTHCARE, INC. ("SFHC"), collectively herein the "Defendants," and hereby move this Court pursuant to 28 U.S.C. §89 and Rule 1.02 of the Local Rules for an Order transferring this case to the Tampa Division of the Middle District, based upon the following:

1.    This action was brought in the Ft. Myers Division of the United States District Court for the Middle District of Florida on February 19, 2004. In the Complaint, Plaintiffs improperly state the residences of the individual Defendants and the principal place of business of the corporate Defendant, SFHC. In their Amended Complaint, served March 3, 2004, Plaintiffs state correctly the majority of the residences of the individual Defendants and the principal place of business of SFHC, however, such statements establish this action was filed in the wrong Division.



2. As affirmatively stated in the Amended Complaint and the Answer and Defenses filed contemporaneously herewith, Defendant FUST resides in Sarasota County, Florida.

3. As affirmatively stated in the Amended Complaint and the Answer and Defenses filed contemporaneously herewith, Defendant MALONEY-FUST resides in Sarasota County, Florida.

4. As affirmatively stated in the Amended Complaint and the Answer and Defenses filed contemporaneously herewith, Defendant DUPONT resides in Sarasota County, Florida.

5. As affirmatively stated in the Amended Complaint and the Answer and Defenses filed contemporaneously herewith, Defendant LEE resides in Manatee County, Florida.

6. As affirmatively stated in the Amended Complaint and the Answer and Defenses filed contemporaneously herewith, Defendant SFHC maintains its principal place of business in Sarasota County, Florida.

7. Pursuant to Rule 1.02 of the Local Rules for the United States District Court for the Middle District of Florida, Sarasota and Manatee counties fall within the Tampa Division of this District.

8. None of the Defendants reside nor have a principal place of business in counties encompassed within the Ft. Myers Division of the Middle District.

9. A District Court in which a case is filed laying venue in the wrong division shall, in the interests of justice, transfer such case to any district or division in which it could have been brought. 28 U.S.C. §1406(a). Defendants seek transfer of this action in the interests of justice, as all Defendants are within the jurisdiction of the Tampa Division of this District, and the Tampa Division is the division in which the present action should have been brought. No Plaintiff will be prejudiced by this transfer, as all are either residents of Sarasota County, are

residents of other states, or are foreign corporations. The slight change in location for prosecution of this action will only benefit the Plaintiffs who are Sarasota residents and will have no impact on the out-of-state Plaintiffs. A district court lacking personal jurisdiction may transfer a case to a district court in which personal jurisdiction exists. *See City Partners, Ltd. v. Bradford Co.*, 484 F. Supp. 538 (S.D. Fla. 1980).

10. Based on the foregoing, Defendants request that this case be immediately transferred from the Ft. Myers Division to the Tampa Division of the United States District Court for the Middle District of Florida.

11. Pursuant to Local Rule 3.01(g), the undersigned has conferred with counsel for the Plaintiff regarding the subject matter of this Motion, who has stipulated to the transfer of this action as noted herein.

**WHEREFORE**, Defendants, CHARLES FUST, STACEY MALONEY FUST, ROBERT DUPONT, RUSSELL R. LEE, III, and SINO FRESH HEALTHCARE, INC. request that this Court enter an Order transferring this case to the Tampa Division for the U.S. District Court for the Middle District of Florida.

Respectfully submitted,

GREENBERG TRAURIG, P.A.
Attorneys for Defendants
450 S. Orange Avenue, Suite 650
P.O. Box 4923
Orlando, FL 32802-4923
Telephone: (407) 420-1000
Telefax: (407) 841-1295

_____
David S. Oliver, Esq.
Florida Bar No. 521922
Lynn G. Franklin, Esq.
Florida Bar No. 0025770

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion to Transfer Venue has been furnished via facsimile and U.S. Mail delivery this 4th day of March, 2004 to David B. Haber, Attorney for Plaintiffs, at One S.E. Third Avenue, Suite 1820, Miami, FL 33131.

_____
David S. Oliver

\\orl-srv01\duquec\261337v03\7v6p03_.DOC\3/4/04\65571.010000