FILED

2004 MAR -5 AM 11: 33

CLERK U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT MYERS DIVISION

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MEYERS DIVISION**

**MICHAEL H. HAWKINS,**
**Individually, et al.,**

      **Plaintiffs,**

v.                                                   **CASE NO.:  04 CV 95-FTM-29 SPC**

**CHARLES FUST, Individually,**
**STACEY MALONEY FUST,**
**Individually, ROBERT DUPONT,**
**Individually, RUSSELL R. LEE, III,**
**Individually, and SINO FRESH**
**HEALTHCARE, INC., a Delaware**
**Corporation.**
_____/

## MOTION TO DISMISS AND MOTION TO COMPEL ARBITRATION WITH INCORPORATED MEMORANDUM OF LAW

COME NOW Defendants CHARLES FUST ("FUST"), STACEY MALONEY FUST ("MALONEY-FUST"), ROBERT DUPONT ("DUPONT"), RUSSELL R. LEE, III ("LEE"), and SINO FRESH HEALTHCARE, INC. ("SFHC") collectively herein the "Defendants," by and through the undersigned counsel and hereby move this Honorable Court for an Order dismissing the Amended Complaint pursuant to Rule 12(b), Fed. R. Civ. P., and an Order compelling arbitration of certain claims under the Federal Arbitration Act.  In support thereof, Defendants state as follows:

## PROCEDURAL BACKGROUND

Plaintiffs, both individuals and corporate entities, bring the present action upon allegations of violations of Section 10(b) of the Securities Exchange Act of 1934 ("the '34 Act")(Count I), violation of Section 20(a) of the '34 Act (Count II), a breach of fiduciary duty

allegedly under Sarbanes Oxley and "other SEC regulations and corporate laws" (Count III), unauthorized transactions under Section 10(a) of the '34 Act, 15 U.S.C. §78f and Sarbanes Oxley (Count IV), and for an "accounting and constructive trust" under unknown and unspecified authority (Count V). Plaintiffs purport to be shareholders of corporate defendant Sino Fresh Healthcare, Inc. ("SFHC"), a Florida corporation that, as of September 8, 2003, became a publicly traded entity. Plaintiffs also appear to seek class certification, but there are no specific allegations supporting the same.

Named as Defendants are FUST, the CEO and Chairman of SFHC, MALONEY-FUST, wife of FUST and a Director of SFHC, DUPONT, a shareholder and Director of SFHC, LEE, the present CFO of SFHC, and SFHC itself. Defendants have, contemporaneously herewith, filed an Answer and Defenses, in which Defendants deny the material elements of the Plaintiffs' baseless, scattered charges.

Among the allegations presented by Plaintiffs is that Defendant FUST and Defendant SFHC breached some duty to Plaintiffs for FUST to transfer foreign patents to SFHC, and to indemnify SFHC for certain expenses following the purchase of FUST'S former company, Sino Fresh Laboratories, Inc. ("SF Labs") by SFHC. In support of such allegations, Plaintiffs attach, rely on and incorporate by reference the Asset Purchase Agreement ("APA") which memorializes the purchase of SF Labs' assets by SFHC.

In the present motion, Defendants contend Plaintiffs' Amended Complaint presents a number of pleading and substantive deficiencies which warrant the relief requested herein.

2

## I.      MOTION FOR DISMISSAL UNDER RULE 12(b)(6).

Defendants contend the Amended Complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(6)[1] on numerous grounds.  First, Plaintiffs have failed to meet the statutory pleading requirements for their claims under the '34 Act.  Secondly, the Plaintiffs have failed to establish a claim under Section 20(a) due to the failure to adequately establish a claim under Section 10(b) of the '34 Act.  Third, Plaintiffs' allegations that rely on the APA are subject to an agreement for binding arbitration and cannot proceed before this Court.  Fourth, Plaintiffs have failed to meet the statutory requirements for an "accounting" under Florida law.  Fifth and finally, Plaintiffs' Amended Complaint fails to meet the basic pleading requirements of Fed. R. Civ. P. 8, as it is a classic case of shotgun pleading.

### A.      Plaintiff's Claims Under the Securities Exchange Act Fail to Meet The Heightened Statutory Pleading Requirements.

In the Amended Complaint, Plaintiffs purport to bring claims against Defendants under Sections 10(a), 10(b) and 20(a) of the '34 Act, under Rule 10(b)(5) of the regulations promulgated under the Act, and under unspecified provisions of Sarbanes Oxley.  First, it is well settled that allegations of securities fraud brought under Section 10(b) must meet the heightened pleading requirements of Rule 9, Fed. R. Civ. P. and, more importantly, those established under the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(b).  *See In re PSS World Medical, Inc. Securities Litigation*, 250 F.Supp.2d 1335 (M.D. Fla. 2002); *In re Sunterra Corporation Securities Litigation*, 199 F.Supp.2d 1308 (M.D. Fla. 2002); *In re FAC Realty Securities Litigation*, 990 F. Supp. 416 (E.D.N.C. 1997).  This standard has also been applied to claims brought under Section 10(a) of the '34 Act.  *See Zeid V. Kimberley*, 930 F. Supp. 431, 435

---

[1]      Dismissal is warranted under Rule 12(b) where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957).

(N.D. Ca. 1996)(claim arising under Section 10(a) dismissed for failing to properly identify statements alleged to be misleading in reports presented to public).

The particularity requirement for allegations of fraud under Fed. R. Civ. P. 9, require a plaintiff to set forth in the Amended Complaint 1) precisely which documents or oral representations were misleading, 2) the time and place of each such statement and the person responsible for making the statement or not making it in the case of omissions, 3) the content of such statements and the manner in which they misled the plaintiff, and 4) what the defendants obtained as a consequence of the fraud. *See Sunterra*, 199 F.Supp.2d at 1319-20. The PSLRA imposes further heightened pleading burdens and requires that in 10(b) cases such as this, the Amended Complaint must specify each statement alleged to have been misleading, the reasons why the statement is misleading and the  facts upon which the plaintiff's belief that such statement is misleading are based. *See PSS World Medical*, 250 F.Supp.2d at 1343. Plaintiffs have not met either requirement in their pleading.

Counts I through IV all assert purported violations under the '34 Act.  Count I specifically brings claims under Section 10(b), yet nowhere in that count or the preceding factual allegations are any specific allegations of the statements alleged to be misleading, or any reasons why the Plaintiffs contend such statements are misleading, much less any facts to support the same. Rather, Plaintiffs' claims are premised on mere repetitive summary conclusions with no foundation or support. Indeed, *it does not appear that Plaintiffs have met even the basic* pleading requirements for a Section 10(b) claim, much less the heightened standards.

In order to establish a viable claim under Section 10(b), a plaintiff must show a misstatement or omission of material fact made with scienter on which plaintiff relied that proximately caused his injury. *Sunterra*, 199 F.Supp.2d at 1319; *PSS World Medical*, 250

F.Supp.2d at 1343. Notably absent from the Amended Complaint are any allegations showing a misstatement or omission of any *material* fact, much less anything to actually establish scienter. More importantly, however, Plaintiffs have even failed to allege that any of the purported acts of the Defendants somehow impacted their decision to buy or sell securities. In other words, there are no allegations that Plaintiffs *relied* on any statements of Defendants or that any such statements actually caused Plaintiffs any harm. Strangely enough, Plaintiffs have not even alleged when or if they actually purchased stock in SFHC. The absence of these basic allegations renders the Amended Complaint far short of that required under federal law to properly allege a securities violation.

The PSLRA and '34 Act both specifically provide that, in a private action arising under the Act, the court shall, on motion of any defendant, dismiss the Amended Complaint if the pleading requirements of the PSLRA (15 U.S.C. § 78u-4(b)) are not met. *See FAC Realty*, 990 F.Supp. at 421. In this instance, it is abundantly clear Plaintiffs have not met the pleadings requirements, and dismissal of all of Plaintiffs' claims brought under Section 10(b) is warranted.[2] Since the same pleading requirements have been imposed for claims brought under Section 10(a), Count IV, which invokes and relies on that Section, and which is similarly lacking in specific allegations, should also be dismissed. *See Zeid, supra.*

> **B.  Plaintiffs' Claims under Section 20(a) of the '34 Act Fail Due To Plaintiffs' Failure to Establish or Adequately Allege a Section 10(b) claim.**

As set forth above, Plaintiffs have failed to adequately plead a viable claim under Section 10(b) of the '34 Act. This failure also renders Count II of the Amended Complaint, brought under Section 20(a) of the '34 Act, subject to dismissal. This Court has held that where a

---

[2]     Defendants are not certain, due to the other basic pleading deficiencies addressed below, exactly which claims are brought under Sections 10 of the '34 Act. Plaintiffs invoke, in Counts III and IV "other SEC regulations and corporate laws," and they repeatedly invoke Sarbanes Oxley throughout, which is enforced through the '34 Act.

plaintiff fails to adequately plead a Section 10(b) violation, a Section 20(a) controlling person violation claim necessarily fails and will likewise be dismissed. *See Sunterra*, 199 F.Supp.2d at 1338-39. *See also*; *FAC Realty*, 990 F. Supp. at 423. Additionally, dismissal is warranted in any event, as Plaintiffs have failed to adequately plead the basic elements of their Section 20(a) claim in the first place.

In order to establish a claim under Section 20(a), a plaintiff must allege that the defendant sought to be charged as a "controlling person" both 1) had the power to control the actions of the primary violator; and 2) was a culpable participant in the alleged illegal activity. *FAC Realty*, 990 F.Supp. at 423. Plaintiffs' allegations come nowhere near providing such information, as there is nothing to identify what role any Defendant purportedly played in any of the acts or omissions grieved by Plaintiffs, much less any facts to show culpability. As such, Plaintiffs claims brought under Section 20(a), as with the Section 10(b) claims, are woefully deficient and must go the way of dismissal.

**C.     The Majority Of The Plaintiffs' Claims Are Subject To A Binding Agreement to Arbitrate.**

Plaintiffs attach to the Amended Complaint, and rely on heavily therein, the Asset Purchase Agreement ("APA") by and between SF Labs and SFHC to support their claims for relief. *See* Exhibit B to the Amended Complaint. Plaintiffs' attempts to invoke the duties imposed on the parties through the terms of the APA clearly shows they believe themselves to be third party beneficiaries of that agreement. Apparently, however, Plaintiffs failed to carefully read the APA. Section 15.11 of the APA provides that "[a]ll disputes or claims arising out of or related to this Agreement, or the breach thereof, including disputes as to the validity and/or enforceability of this Agreement or any portion thereof, *and any claims for indemnification* under the provisions of this Agreement, shall be resolved by binding arbitration conducted in

Sarasota, Florida." (emphasis added).  Plaintiffs, in their Amended Complaint, bring allegations of both breach of the terms of the APA and duty of indemnification arising under the APA.  *See, e.g.,* paragraph 34 and all subparts thereto.  Each and every claim for which Plaintiffs rely on the APA must be dismissed in favor of arbitration pursuant to Section 15.11 of the APA.[3]

When a court is asked to compel arbitration of a dispute, the first inquiry made is whether the parties agreed to arbitrate the dispute.  *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 105 S. Ct. 3346, 3353 (1985).  First, because the APA is a contract evidencing a transaction involving commerce, the arbitration clause therein is governed by the Federal Arbitration Act ("FAA").  *See*  9 U.S.C. § 2.  In this area of the law, the interpretation of the language used by the parties in an arbitration clause is thus governed by federal law.  *See Allied-Bruce Terminex Companies v. Dobson*, 115 S. Ct. 834, 838 (1995)(Federal Arbitration Act sets forth substantive law that, despite *Erie* doctrine, must be applied to ensure uniformity of outcomes about the validity of arbitration clauses).  As such, the federal substantive law of "arbitrability" is applied to any arbitration agreement within the coverage of the Act.  *Mitsubishi Motors*, 105 S. Ct. at 3353.

It is well settled that the scope of an arbitration clause, as any other contract provision, is dependent on the intent of the parties.  *See Necchi S.P.A. v. Necchi Sewing Machine Sales Corp.*, 348 F.2d 693, 696 (2d Cir. 1965), *cert. denied*, 86 S. Ct. 892 (1966).  Thus, when determining the application of an arbitration clause to a given matter, the first inquiry must be whether a valid written agreement to arbitrate exists.  *See Seifert v. U.S. Home Corporation*, 750 So. 2d 633, 636 (Fla. 1999)(noting the requirement is no different under the federal law or Florida's arbitration code).  The second issue to be examined is whether an arbitrable issue has been presented or

---

[3]     Yet again, Plaintiffs' inartful pleading makes it impossible for Defendants to discern precisely which claims or counts are impacted thereby, but Defendants submit that, clearly, the counts which incorporate by reference allegations which refer to the APA are subject to arbitration.

pled. *Id.* The final inquiry to be made is whether the right to arbitration has been waived. *Id.* The present issue can be resolved through analysis of the first two inquiries, i.e. whether a valid agreement to arbitrate exists and whether a claim has been presented that is subject to the arbitration agreement. The answer to both questions is positive.

Language very similar to that used in the APA arbitration clause has been interpreted by the Eleventh Circuit as broad in scope, and as encompassing all claims that are contingent on the contract for existence. *See H.S. Gregory, G.E. v. Electro-Mechanical Corp.*, 83 F.3d 382, 384 (11th Cir. 1996) According to the Eleventh Circuit in *H.S. Gregory*, whether a claim falls within the scope of an arbitration agreement turns on the factual allegations in the Amended Complaint, more than the legal causes of action asserted. *Id.* If the Amended Complaint alleges claims that *touch* matters covered by the relevant agreement, the claims must be arbitrated. *Id.* In the present action, the Amended Complaint clearly presents claims that touch matters covered by the APA, as each and every Count incorporates by reference allegations referring to the terms of the APA. As such, Defendants submit all of the claims presented are subject to the agreement to arbitrate.

Defendants anticipate Plaintiffs will attempt to circumvent this requirement by claiming they are not direct parties to the APA, and thus are not bound by the arbitration provision. However, the law is well settled that third party beneficiaries to an agreement which includes an arbitration requirement are bound thereby. *See, e.g., M.S. Dealer Service Corp. v. Franklin*, 177 F.3d 942, 947 (11th Cir. 1999); *ZAC Smith & Company, Inc. v. Moonspinner Condominium Assoc.*, 472 So. 2d 1324 (Fla. 1st DCA 1985)(arbitration clause is binding on a third-party beneficiary); *International Bulion and Metal Brokers, Inc. v. West Pointe Land, LLC.*, 846 So.2d 1276, 1277 (Fla. 4th DCA 2003)(it is well established that arbitration provisions of a contract are

binding on the parties to the contract as well as on intended beneficiaries of the contract). Plaintiffs have, through the allegations of the Amended Complaint, acknowledged their status as beneficiaries to the APA, as they consistently invoke the APA in the Amended Complaint to support their claims. As such, Plaintiffs cannot now contend they are not somehow privy to the Agreement. In short, Plaintiffs cannot approbate and reprobate in the same breath. Having now sought to enforce the terms of the APA to their benefit, they cannot contend other terms of the Agreement are not binding on them. *See, e.g., Corporation of Charles Town v. Ligon*, 67 F.2d 238 (4th Cir. 1933)   Given the binding agreement to arbitrate, dismissal of all claims which reference, relate to, touch, or arise under the APA is warranted.

### D.   Plaintiffs Cannot Maintain Their Claim for Accounting.

In Count V of the Amended Complaint, Plaintiffs seek an "accounting" and constructive trust. While Plaintiffs do not allege the basis for seeking this relief, Florida law must govern this action as SFHC is a Florida corporation.[4] Under Florida law, an "accounting" is ordinarily an equitable remedy. *See, e.g., Ashemimry v. Ba Nafa*, 778 So. 2d 495, 498 (Fla. 5th DCA 2001). It has long been established in Florida, and for that matter everywhere else, that equitable relief is not available where there is an adequate remedy at law.   *See, e.g., Greenfield Villages v. Thompson*, 44 So. 2d 679, 683 (Fla. 1950)   Section 607.1602, Florida Statutes, provides shareholders of a Florida corporation access to corporate records. Under Section 607.1602, there are specific procedural steps shareholders must follow to inspect and copy the records of a corporation. This process would provide the shareholders the relief they otherwise seek in equity through Count V. Thus, Plaintiffs have an adequate remedy at law. Notably, however, that

---

[4]      The location of incorporation is matter of public record and can be judicially recognized by the Court. Both parties also agree on this fact as pled in the Amended Complaint and in the Answer and Defenses, filed contemporaneously herewith.

remedy further provides the jurisdiction for actions against a corporation for failure to provide records upon a proper request is limited to Florida's Circuit Courts. *See* Section 607.1604, Florida Statutes. Florida law provides a specific mechanism for the relief sought by Plaintiffs and further provides specific jurisdiction for enforcement of that remedy. Accordingly, Plaintiffs have a complete and adequate remedy at law for the relief they seek, and are thus obliged to follow the requirements for that remedy. Plaintiffs do not allege having met any of the conditions precedent to seeking judicial relief under Section 607.1604. As such, Plaintiffs have not stated a viable claim for an accounting, and Count V must be dismissed.

## E.   Plaintiffs' Amended Complaint Is A Textbook Shotgun Pleading.

In addition to the more specific failings of the Amended Complaint set forth above, dismissal is also warranted for the simple failure to meet the requirements of Rule 8, Fed. R. Civ. P. Plaintiffs present all manner of inflammatory allegations, few of which are actually relevant to the actual claims they purport to bring. More notable, however, are the wide sweeping invocations of entire bodies of law. There is simply no means by which Defendants can adequately respond to such anfractuous prose.[5] It would seem that Plaintiffs hastily fired off their first Complaint, to incite public sentiment, without even a cursory review of the relevant laws and with even less attention to the veracity of their factual allegations. Their amendment does little to nothing to alleviate those shortcomings. Indeed, the Amended Complaint could aptly be compared to the bullet spray left by a shotgun, aimed in the general direction of the Defendants, but fired in the dark. The judicial sentiment toward shotgun pleadings is well documented by the Eleventh Circuit. *See Byrne v. Nezhat*, 261 F.3d 1075, 1128-34 (11th Cir. 2001)("Shotgun pleadings. . . impede[ ]the due administration of justice and, in a very real sense,

---

[5]      Although Defendants have made a valiant attempt to respond in their Answer and Defenses filed contemporaneously herewith, the unnecessary prolixity of Plaintiffs' pleading caused an undue burden in so doing.

amount[ ] to obstruction of justice); *Magluta v. Samples*, 256 F.3d 1282,1284-85 (11th Cir. 2001)(finding the complaint a "quintessential shotgun pleading" and noting it in no sense met the requirements of Rule 8).   The difficulty such a pleading presents is that it makes it virtually impossible for the defendants to know which allegations of fact support which claims for relief. *Anderson v. Dist. Bd. Of Trustees of Cent. Fl. Comm. College*, 77 F.3d 364, 366 (11th Cir. 1991).

The identifying factors of a textbook "shotgun" pleading are rambling recitations and factual allegations that could not possibly be material. *See, e.g., Pelletier v. Zweifel*, 921 F.2d 1465 (11th Cir. 1991).   Those factors are evident here.   Examples include the fact that the majority of the Plaintiffs' claims are classic shareholder derivative claims, rather than those properly brought under the Securities Exchange Act.

Throughout the Amended Complaint, Plaintiffs present allegations of purported "self dealing" and misuse of corporate funds. *See, e.g.,* Paragraphs 31-35 of the Amended Complaint. None of these facts could possibly be relevant here.   Such allegations of corporate mismanagement are classic examples of shareholder derivative claims. *See, e.g., Braun v. Buyers Choice Mortgage Corp.*, 851 So. 2d 199, 203 (Fla. 4th DCA 2003)(generally a shareholder cannot sue in the shareholder's name for injuries to a corporation unless there is a special duty and the shareholder has suffered a separate distinct injury from other shareholders); *Kloha v. D. Duda*, 246 F.Supp.2d 1237, 1242-43 (M.D. Fla. 2003)(where a plaintiff sues in shareholder capacity for corporate mismanagement, the suit must be brought derivatively in the corporation's name).   However, instead of bringing such allegations as a proper derivative claim in the name of the corporation, Plaintiffs have instead presented these allegations in support of their claims under Sections 10(a), 10(b) and 20(a) of the '34 Act.   As noted above, the Amended Complaint is woefully lacking in the necessary allegations to support the claims under the '34

11

Act that Plaintiffs purport to bring.  Rather, the Amended Complaint is filled with baseless allegations of corporate mismanagement which have no bearing or relation to the specified claims for relief.  The inclusion of numerous irrelevant allegations of fact is, as noted above, a prime example of a disfavored shotgun pleading.

Other examples of the irrelevant facts included in the Amended Complaint are the allegations set forth in Paragraph 37.  In that paragraph, Plaintiffs appear to invoke certain rules and definitions promulgated by NASDAQ.  These allegations, for some unknown reason, are incorporated by reference into *every* count of the Amended Complaint.  While it is notable that Defendant SFHC is not even traded on NASDAQ, Defendants need not rely on that extraneous fact to establish the invalidity of such allegations.  It has long been the rule of the Eleventh Circuit that there is no private cause of action under federal securities laws for violations of the various rules of the exchanges. *See Thompson v. Smith Barne, Harris Upham & Co., Inc.*, 709 F.2d 1413, 1419 (11th Cir. 1983)(no private right of action for violation of New York Stock Exchange or National Association of Securities Dealers rules).  Thus, these allegations have no bearing on any claim presented by Plaintiffs.

Finally, Plaintiffs also have failed to give Defendants proper notice of the claims they intend to bring, by invoking entire bodies of law in the Amended Complaint. *See* Count III, and specifically Paragraph 67.  In Paragraph 67, Plaintiffs claim a fiduciary duty was owed to them due to Sarbanes Oxley and "other SEC regulations and corporate laws."  Never mind that Plaintiffs fail to identify which "corporate laws" they seek to invoke, Plaintiffs fail to even narrow this assertion to the laws of any specific jurisdiction.  As such, it is impossible for Defendants to discern the nature of the claims Plaintiffs purport to bring, or the defenses available to them. Here again, Plaintiffs have fired a shot in the dark.

Defendants submit that, due to the fact the Amended Complaint is filled with baseless allegations of law and fact that are repeated by incorporation into each Count of the Amended Complaint, dismissal of the entire Amended Complaint is warranted.   In the event the Court believes the Amended Complaint could somehow be salvaged by removal of these extraneous facts, Defendants seek to strike the same pursuant to Rule 12(f), Fed. R. Civ. P., as scandalous, impertinent and, obviously, immaterial.[6]

## II.   MOTION TO COMPEL ARBITRATION OF ALL CLAIMS BROUGHT UNDER THE APA.

As Defendants conclusively establish above, all of Plaintiffs claims invoke the APA in support of the relief requested.   The Plaintiffs even go so far as to attach the APA to the Amended Complaint.   Section 15.11 of the APA provides that "[a]ll disputes or claims arising out of or related to this Agreement, or the breach thereof, including disputes as to the validity and/or enforceability of this Agreement or any portion thereof, *and any claims for indemnification* under the provisions of this Agreement, shall be resolved by binding arbitration conducted in Sarasota, Florida." (emphasis added).   This language encompasses all of the claims presented by Plaintiffs in this action.   As such, all are subject to the arbitration provision set forth in Section 15.11.   *See* Exhibit B to the Amended Complaint at Section 15.11.

Under the FAA, upon motion of a party, the District Courts must compel arbitration of all claims subject to arbitration.   *See American Express Financial Advisors, Inc. v. Makarewicz*, 122 F.3d 936, 940 (11th Cir. 1997).   Accordingly, Defendants hereby move this Honorable Court for an Order dismissing the present action and compelling arbitration under the terms of the APA.

---

[6]      Federal Rule of Civil Procedure 12(f) provides that upon motion by a party or upon the court's initiative at any time, the court may order stricken from any pleading any "redundant, immaterial, impertinent, or scandalous matter." A motion to strike is proper where the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Seibel v. Society Lease, Inc.,* 969 F.Supp. 713, 715 (M.D. Fla. 1997); *see also Poston v. American President Lines, Ltd.,* 452 F. Supp. 568, 570 (S.D. Fla. 1978) (citing *Augustus v. Board of Public Instruction,* 306 F.2d 862 (5th Cir. 1962)).

## **CONCLUSION**

The ample grounds above support complete dismissal of the Amended Complaint, as well as an Order compelling arbitration as to all claims presented in the Amended Complaint. Defendants therefore respectfully request this Honorable Court to provide the relief requested herein.

**WHEREFORE**, Defendants request entry of an Order:

1)      Granting Defendants the relief requested herein;

2)      Dismissing the Amended Complaint in its entirety, and with prejudice;

3)      Compelling arbitration for claims in the nature of those Plaintiffs purport to bring in the present action, and all such claims arising under the APA;

4)      Granting Defendants attorneys' fees and costs as provided in Section 8.2 of the APA;

5)      Alternatively, Defendants seek an Order striking all impertinent and immaterial allegations from the Amended Complaint as identified above; and

6)      Granting Defendants such other and further relief as is just and proper.

Respectfully submitted,

GREENBERG TRAURIG, P.A.
Attorneys for Defendants
450 S. Orange Avenue, Suite 650
P.O. Box 4923
Orlando, FL  32802-4923
Telephone: (407) 420-1000
Telefax: (407) 841-1295

David S. Oliver, Esq.
Florida Bar No. 521922
Lynn G. Franklin, Esq.
Florida Bar. No. 0025770

14

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion to Dismiss and Compel Arbitration has been furnished via facsimile and U.S. Mail delivery this _____ day of March, 2004 to David B. Haber, Attorney for Plaintiffs, at One S.E. Third Avenue, Suite 1820, Miami, FL 33131.

David S. Oliver

\\orl-srv01\franklin\261288v03\7v5803_.DOC\3/4/04\65571.010000